**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 24-4374**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADAM MICHAEL CLODFELTER,

Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:23-cr-00360-WO-1)

―――――――――――

Submitted:  March 11, 2025                    Decided:  March 13, 2025

―――――――――――

Before NIEMEYER, RICHARDSON, and BENJAMIN, Circuit Judges.

―――――――――――

Dismissed in part and affirmed in part by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Mary Ann Courtney, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adam Michael Clodfelter pled guilty, pursuant to a plea agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Clodfelter to 151 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no non-frivolous grounds for appeal but asking us to review the reasonableness of the imposed downward variant sentence in terms of the 18 U.S.C. § 3553(a) factors. Clodfelter has filed a pro se supplemental brief in which he assigns error to his career offender designation and asserts that his trial counsel rendered ineffective assistance. The Government has moved to dismiss pursuant to the appeal waiver in Clodfelter's plea agreement. We dismiss in part and affirm in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id*. To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). As a general rule, "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id*. (internal quotation marks omitted).

2

Our review of the record confirms that Clodfelter knowingly and voluntarily waived his right to appeal his conviction and sentence, with limited exceptions. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues advanced in the *Anders* brief and the pro se supplemental brief fall within the scope of the waiver.

The appeal waiver does not, however, bar our consideration of Clodfelter's claim of ineffective assistance of counsel, but "we will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Upon review, the present record does not conclusively show that trial counsel rendered ineffective assistance. Thus, Clodfelter's claim is not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal beyond the scope of Clodfelter's valid appellate waiver. We therefore grant the Government's motion in part and dismiss the appeal as to any issues within the scope of the waiver. We otherwise affirm the criminal judgment. This court requires that counsel inform Clodfelter, in writing, of the right to petition the Supreme Court of the United States for further review. If Clodfelter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Clodfelter.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*